PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KEITH McELROY, | ) | |
| | ) | CASE NO. 1:23-CV-386 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRANK LEONBRUNO, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

### I. Introduction

*Pro se* Petitioner Brian Keith McElroy has filed a Petition in this case for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. ECF No. 1.

Petitioner contends that he has been unconstitutionally arrested, detained, and charged in state criminal cases in Lake County, Ohio. The relief he seeks is return of his bond money and an order that Deputy Zachary Ropos of the Lake County Sheriff's Office be charged with the crime of perjury and unconstitutional arrest. ECF No. 1 at PageID #: 7. According to the website of the Ohio Department of Rehabilitation and Correction, Petitioner was convicted and sentenced to multiple crimes in Lake County, Ohio on April 5, 2023.

### II. Standard of Review

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241

(1:23-CV-386)

pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack of merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or when the necessary facts can be determined from the petition itself without consideration of a response. *Id.*; *see also* 28 U.S.C. § 2243.

### III. Discussion

Upon review, the Court finds that the Petition must be dismissed. Before a federal court may grant *habeas corpus* relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). The exhaustion requirement applies whether a state prisoner labels his petition as seeking relief under 28 U.S.C. § 2241 or § 2254. *Collins v. Million*, 121 Fed. App'x 628 (6th Cir. 2005).

To satisfy the exhaustion requirement, constitutional claims for relief must be presented to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(c). In the federal system, states must have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

It is evident on the face of the Petition that Petitioner has not exhausted his state remedies with respect to his claims. He must raise and fully exhaust his federal constitutional claims regarding his detention or Lake County, Ohio convictions in the state courts before seeking federal *habeas corpus* relief. Furthermore, the relief Plaintiff states he seeks in his current Petition is not available on federal *habeas corpus* review. *See, e.g.*, *Estelle v. McGuire*, 502

2

(1:23-CV-386)

U.S. 62, 63 (1991) ("it is not the province of a federal habeas court" to reexamine state law questions).

### IV. Conclusion

Accordingly, Petitioner's application to proceed *in forma pauperis* (ECF No. 3) is granted and his Petition is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases. This dismissal is without prejudice to Petitioner's later filing a proper petition challenging his Lake County convictions upon full exhaustion of state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

| | |
|---|---|
| June 2, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |